Good morning, Your Honors. My name is Kevin Conway. I represent the petitioner Michael Shaw. He filed a claim on the vaccine program in 2001 alleging that he suffered a neuropathy due to a hepatitis B vaccine. The issue is a little more specific. Yes, Your Honor. I would just like to give a little background so I can frame the issue today. Can you speak up a bit, please? Yes, sir. After a hearing in Sacramento, California in 2008, the petitioner applied for interim attorney's fees. Injury related damages have also not yet been decided by the vaccine judge. Why is this exactly like an interlocutory appeal from some very incomplete ruling in any other case and therefore not within the jurisdiction in this case of the court of federal attorney? And Your Honor, that's what the respondent argues. The respondent points to several U.S. district court decisions addressing interim fees, saying that these interim fees are interlocutory and not appealable. However, Your Honor, in response to that, I say that the Vaccine Act in the relationship between the claims court and special masters is not the same as the relationship between U.S. district courts and circuit courts of appeals. In the Vaccine Act, Congress explicitly gave the Congress, they gave the Code of Federal Claims the ability to review special masters decisions. And they also gave me authority to make rules to govern proceedings in the vaccine program. So what does this have to do with whether your review in the claims court was in the nature of an interlocutory appeal or not? Your Honor, it was interlocutory in the sense that it was interim. However, despite the semantics, it was a final decision on interim fees. It was a final decision. Your Honor? It's not a final decision on fees when you ask for $80,000 or whatever it was and they gave you $12,000 and the vaccine master said, I will decide the delta later, which she didn't do. You can call that final as to the $12,000. But when you're asking for $80,000 or whatever it was, and the uncontested part was $12,000 and she granted $12,000 on the spot and said, I'll decide it for the rest later. That looks very interim to me, very incomplete, very partial, even as to fees, not to mention the merits of injury from the vaccine itself. Your Honor, Congress gave, they gave the Court of Federal Claims the ability to review decisions. Section 12. But Your Honor, in Section 12 of the Vaccine Act, Your Honor, Congress gave special masters in the claims court the ability to make rules. Congress gave them the ability. They said, you can make rules to govern proceedings in the vaccine program. Your Honor, they passed a rule, Section 13B, that expressly gives the Code of Federal Claims the power to review interim fee decisions. They took the congressional power, rulemaking power, they passed a rule and they say, you can, like I review interim fees, you can do it. It's interlocutory, but you can do it. What's that line? It's Vaccine Rule 13B. Pardon? Vaccine Rule 13B. It binds, it binds, it allows, the rule says that the claims court expressly has the power to review interim fee decisions. Judge Williams, in fact, who we're appealing this case from, has changed her mind in light of that rule. She's saying, well, I do have jurisdiction to review in some cases. Well, in some cases where the merits have been decided, but here there was neither a complete decision on fees nor any decision on the merits. Yes, Your Honor, but that's not what the circuit has said. The circuit has said that reasonable attorney's are available to prevent undue harm. So the test isn't... Your Honor, jurisdiction is given by Section 12 of the Vaccine Act, by Section, I'm sorry, by Section 12, which defines the relationship between special masters and the vaccine program and the court of federal claims. They have power to review decisions, and they have the express power to review interim fee decisions by rule, and they have the power to make the rule by Section 12 given by Congress. I thought that what she held in another case is that further fees could be ruled on in a case where the merits have been decided by the vaccine method, but in our case, the merits have not been decided by the vaccine method. That was Judge Williams' feeling. Correct, Your Honor. Your Honor, the... I take it your argument is that the new vaccine rule amendment on 13b simply says, the decision of the special master on the fee request, including a request for interim fees, constitutes a separate decision for purposes of vaccine rules 1118. You're suggesting there's nothing in that rulemaking that distinguishes between cases in which compensation has already been granted, which is her new case and your case in which compensation decision had not yet been made. That's correct, Your Honor. In fact... And I suppose you would further argue that since an award of compensation is not a predicate for an attorney's interim fee award under our new... I would so argue, Your Honor. In fact, in the... What about the statute that talks about a decision on the petition? In this case, there hasn't been a decision on the petition. The petition has to do with injury caused by vaccine, money due to the victim because of the injury caused by the vaccine. That's what the petition is all about. There hasn't been any decision on the petition. The review authority of the plaintiff court seems in the statute to be dependent on there being a decision on the petition. Your Honor, and that is the respondent's argument. The respondent's argument is that... I don't care about the respondent's argument. I have to follow the statute. If you're going to help me get around the statute, you've got to show me why those words don't mean what they seem to mean. Your Honor, all I can say is that the special masses in the claims court have the power given to them by Congress to make the rules. They made a Rule 13B, Rule 13B, which is entirely consistent with congressional intent, with the statute, and with a bearer. I think Judge Mischel is suggesting it doesn't appear to be consistent with the statute, at least not your interpretation of it. He's asking you to shed light on how you deal with the language in 12D that talks about the special master's decision on such petition with respect to compensation. How do you contend with that language? I can't. I don't have an answer for that. I don't know how to say anything other than what I've said. The rules adopted by the vaccine masters can't trump the statutory language. It's the other way around. Statutory language always trumps a rule. Your Honor, Congress gave the claims court, not the special masters, gave the claims court the ability to adopt rules recommended by the special masters. It can't trump the congressionally enacted statute. That's where I'm having a problem. You're not helping me. You've got to show some language in the statute that supports your interpretation of the rule. Otherwise, the rule is inconsistent with the statute, and in that case, the rule must fall. Your Honor, in a bearer, this court, interpreting the statute, used the test, undue hardship. They didn't say after a petition is filed or after a petition is decided upon. In that case, it already had been decided, and so they wouldn't necessarily have had to address that this rule applies whether or not because they issued a rule consistent with the facts of that case. What about this? Let me attempt to see if maybe this might be one of your arguments that you'd be willing to adopt. What about 3A where it says a decision on such petition with respect to whether compensation is to be provided? Why aren't you arguing to us that this is exactly such a decision because the word compensation includes attorney's fees and that many cases have held as much under this statute, and so this very much is a decision on a petition with regard to compensation, therefore, because attorney's fees are part of the compensation? I do adopt that decision. Thank you, Your Honor. I'm not sure it's right. Indeed, it says, it doesn't say interlocking decision. Are you prepared to split your fee with the judge? No comment, Your Honor. Thank you. Anything further, or do you want to stay through the vote? I'll save my time. May it please the Court. Getting to the Rule 13b issue, Your Honor, as your Court held, and I believe you're on the panel, Your Honor, in Widows, a rule can't trump the statute, which is what we're attempting to do in the Widows case, which we cited in our brief, and it goes directly to the argument that 13b would somehow or another trump the statute and give jurisdiction to the CFC. Okay, so assuming that, the only question is, does the statute preclude the AVERA solution, which we have previously declared, which is that interim fee awards are available, and we didn't say anything in AVERA about having to first have a compensation award? Well, I think that gets to the argument in terms of what was the basis. What is it in the statute that precludes the AVERA case from applying to this case? Because an interim fee decision in and of itself, by definition, is not a final decision or a decision on the merits in terms of compensation concluding the proceedings. All the way through your brief, counsel, you kept talking about a requirement that we have imposed that there be a, quote, final decision. You often put it in quotes, quote, final decision, unquote. Would you be so good as to point to any case in which we have ever used the term final decision in dealing with a fee award? In dealing with a fee award? I don't think there has been one post of error because I don't think that your court has had an opportunity to address any type of fee decision. And in dealing with a compensation award, the widow's case, yes, was one that talks about a final act. Ah, they say the special master's final act of issuing a decision. That's different from saying a final decision. The statute on appeals from district courts to courts of appeals uses the term final decision. And that is widely understood throughout the federal system that we don't take into locatory appeals except under those limited cases that the statutes provide for. I don't find anything in any of the statutes applicable here or even in our cases that uses the term final decision as a prerequisite to going from the special master to the court of federal claims. And I didn't find your brief helpful to the extent it misused that term all the way through, in quotes, as if that term actually existed in the law that's applicable to this case. Well, Your Honor, continuing the widows, it talks about issuing a decision on the petition. And I think that what we have here is not a decision on the petition. It's not responsive. The point is you kept saying final decision, but the statute leaves out the modifier final. The statute just says decision. And we rely on- You shouldn't be arguing that it should be read as if it had said final decision because it doesn't say final decision. It just says decision period. And we rely on several cases from the court of federal claims that further discuss widows in terms of interim or interlocutory types of decisions that have been appealed up, specifically the Weiss and the Spratling case, which get into this, which talk about the same type of issue. The discretion that your court provided in OBERA to a special master to award interim fees is akin to the type of discretion that a special master has preliminarily in dealing with evidentiary issues, whether or not there's sufficient evidence of a vaccine, whether or not the expert presented by a petitioner responded is sufficient to advance the case. And then when the special master announces his or her decision under the statute, that decision can be taken to the court of federal claims within 60 days, if I remember the statute right. Right? 30 days, yes. The special master has 30 days. 30 days. Yes, Your Honor. Why isn't the act of the special master who says, you get $12,000, not the $60,000 you want to, and that's my decision. Why isn't that a decision? It's not a decision because it doesn't resolve that issue at hand. It resolves only a part of that decision. Suppose it did resolve the whole issue. Suppose Judge Williams said, I'm only giving you $12,000. I don't think you're entitled to the rest. I'll decide later whether you're entitled to the rest, but I don't think you're entitled to the rest. Would that be appealable to us at that point? I think there needs to be a decision on whether a person is entitled to compensation. Why? That's irrelevant to the attorney's fees issue. I mean, unlike all those district court cases you cited in your brief, which weren't helpful to me, because in all those cases, of course, there has to be a final decision because you only get attorney's fees in those cases if you win, if you prevail. None of those cases had a statute like we have in the veterans' cases, where you can get fees whether you prevail or not. I beg to differ, Your Honor, because I think compensation includes the term attorney's fees under the Act when they're defining what compensation is. So our position is that there has to be a final determination on compensation, which would include both, whether or not a petition— The final doesn't appear here, so we've already agreed on that. So it just is a decision on such petition with respect to whether compensation is to be provided. Since the word compensation includes attorney's fees, why isn't this a decision on the petition with respect to attorney's fees? Well, it says decision on a petition and the amount of compensation to be awarded. That's what the statute says. It has an and in there in terms of whether or not— Well, Judge Williams' decision went right to the heart of the amount of compensation to be awarded. That's exactly what the entire decision was about. But her decision wasn't a final decision. She left the door open. You told me a minute ago, even if her decision was final, it still wouldn't be properly before us. So which one is it? Well, in terms of— Are you assuming, Your Honor, and I don't know if you're assuming that she has already made a decision on the entitlement. Maybe I'm unclear with your question. I thought Judge Williams just missed the error of fees because she said she left to a petition. That's correct. That's correct. We're getting a question. So the question was whether the master's decision on partial fees was the sort of decision the statute contemplates being reviewable by the Court of Federal Claims, in this case, by Judge Williams. That's correct, Your Honor, and we believe it doesn't. If you agree— But the only issue in front of us is, was she right or was she wrong when she said, I lack any jurisdiction to do anything with this file? That's correct, Your Honor, and we believe that she was right in saying that. Based upon the analysis set forth in her decision, the previous cases before the Court of Federal Claims on a similar issue, not on a fee issue at that point in time, because this was the first case that came up. And you think the magic bullet here is that there has to be a decision that covers whether the vaccine caused the injury? There needs to be a decision on whether a petitioner is entitled to compensation and— Because that's a prerequisite to an attorney fee award, isn't it? That is a prerequisite. No, it's not. Well, as long as— You get an attorney fee award whether you get compensation or not. That's correct, Your Honor, as long as there's a reasonable basis of good faith show. Yeah. And the discretion awarded in Avera is the discretion to the special— Your Honor, you really lost me. You've agreed several times with the deputy that since, in this statute, compensation includes attorney's fees, not just injury damages, that a decision on attorney's fees, it deals with compensation. So, what language are you depending on now to show that not only the fees have to be decided, but damages also have to be decided before the Court of Federal Claims has any jurisdiction at all? The language of 12d and 12e as interpreted by the Court of Federal Claims. What language? Special Master shall give you a decision on such petition on whether compensation is to be provided under the program and the amount of such compensation. But you've agreed that the two uses of the word compensation include fee monies as well as damages monies. So, how does that language help me? Well, we base that on the interpretation of that language by prior courts, of the Courts of Federal Claims, as well as your court decision in Widdows, which talked about the final act of issuing the decision is the time when a motion for review should be filed. The Weiss case, the Spratling case, which talk about issues, preliminary issues that a Special Master deals with, which allow for discretion. Am I understanding your argument, perhaps I'm confused again, but am I understanding you to say there has to be a final decision that would in fact have addressed both attorney's fees and injury-related compensation? Otherwise, it can't go to the Court of Federal Claims yet. Is your interpretation of the word compensation, since it includes both, mean the final decision has to have disposed of both before it can go up? I believe that's correct, Your Honor. I think that's consistent with Avera because Avera was, in the term, issue in Avera was whether or not interim fees were available upon appeal. But does that mean, suppose that a vaccine act plaintiff has an absolute final decision on the compensation that they may or may not be entitled to with regard to their injury, but that the judge has delayed in ruling on whether or not attorney's fees will be granted and what the amount should be, that the vaccine act plaintiff, in that instance, is not permitted to appeal the portion of the decision or the entire decision, which addresses the merits of their claim, until the judge actually later rules on attorney's fees? We believe that's a correct reading of the discretion that was provided in Avera, and we believe that the relief is available upon the end of the case. The relief isn't available on the end of the case because we're talking about interim fees. This isn't an issue about whether attorney's fees will ever be awarded. And if you say there is a right to interim fees that was created in Avera, assuming that is not dicta, you say that's a right to interim fees, then haven't you entirely deprived someone of the right altogether by saying you can never appeal the interim fee denial until the entire case is over? Well, I think in terms of a right, I think your court allowed special masters the discretion to award interim fees in Avera and gave certain circumstances when they're available. So that in terms of whether there's a right to interim fees, I think that the right is available if they meet certain requirements, as your court set forth in Avera. And I'm not going to get into the issue of the dicta at this point in time. It's available to ask for fees, but if they're turned down, there's no appeal. There's appeal at the end of the case when the decision on entitlement is granted. But at that point, the interimness is moved. That's the problem that they're not dealing with. If they need money to keep going, and they ask for money, and it's turned down, and they can't appeal then, it's of no use to them for you to say, well, yeah, but years later when the whole case is over, they can ask for interim fees. At that point, the interim fees are meaningless. Well, that interpretation is consistent with the cases which your court in Avera analogized in finding that the Vaccine Act provides for interim fees. Your court cited the Rosenfeld case, and we cited several of those cases in our brief. Yeah, but the issue before us isn't the availability of interim fees. The issue is when you can appeal the denial of interim fees. And you're now saying not until the entire case is over. I'm asking, well, how can that be a rational scheme? Because at that point, the interim fees are meaningless. Well, that's the scheme that was accepted by the court in Rosenfeld, which your court used as an analogous basis to find that the Vaccine Act provided for interim fees, among other cases which we cited in our brief. Because the fact that interim fees are available based upon the discretion of special master does not mean that an interim type of order is appealable. It's an interlocutory order that the act does not call for an appeal. You could actually go a step further, couldn't you, Mr. Richard? You could say that there is no support for interim fees in our law until there has been a final decision by the special master on both compensation and fee awards. Because, in fact, Avera didn't come up until the case was up on appeal. Isn't that right? And the interim fee that was being sought at that point was an interim fee award pending the appeal. That's correct. Is it the government's position that Avera goes no further than to the extent it goes anywhere? Some of the Court of Federal Claims seem to think the whole thing is dicta anyway because they eventually ruled there wasn't any award. But putting that aside, is it the government's position that Avera really gives no interim fee opportunity until there has been a final decision on compensation by the special master? Well, Your Honor, not to dodge a bullet, but that's not the issue before you today on jurisdiction. And we didn't address that issue in this because it really has no impact. I mean, it seems to me that's implicit in everything you're arguing. Am I misreading you? Well, perhaps I'm not being clear then. I think that there is a limitation factually on Avera in terms of that dealt specifically with an appeal on interim fees at the— or excuse me, interim fees at the appeal level. Well, why can't you just answer the question simply yes or no? The question is, prior to a decision on damages, is there any right to appeal any issue to the claims court? And I think that if you read section 12 of the Act, it talks about whether entitlement compensation is there and if so, how much? The key phrase being and. And thus, the answer would be no. Well, let me put the question a little bit differently then. Is it the government's position that prior to a decision on compensation, there is no interim fee award available? Again, not to dodge your question, but that's not before the court today in terms of whether— Well, it is. No, it is before the court today because, well, maybe I see your argument would be even— well, no, your argument is, hey, you can't take an appeal on this interim fee award because there hasn't been a compensation award yet. And my answer to you then, my question to you then is, can you even have an interim fee award? Maybe the interim fee award is not possible prior to the compensation decision. Is that what— that's not— your dodge is, I don't need to decide that. Is that what you're telling me? If you're limited to the holding in AVERA, the holding in AVERA dealt with specifically an issue on interim fees on appeal. The court in AVERA didn't award interim fees on appeal because they didn't meet the requirements. So in terms of limiting the issue in AVERA to that, the argument could be there, but I'm not making that argument today because we're dealing with the jurisdictional issue only here. Perhaps another day on AVERA. Your argument then is limited to there is no appeal of an interim fee award until after a compensation award is made. Correct. That's— is that the essence of your position? Yes, Your Honor. Why is the compensation award important at that point? Because the statute requires and talks about the fact that the entitlement is available and if so, how much in essence? And that's— at that point in time, it's the final act. It's the triggering point where a motion for review is available. So your entire case turns on whether the term decision in the statute requires a final decision. The decision that can be appealed requires a final decision on compensation. And we believe that the cases at the CFC level have interpreted as such. I may just comment one quickly in terms of 12B— or excuse me, 13B, Rule 13B, which was discussed earlier. The other point in terms of its non-application here is that this was— Rule 13B was passed after this case went forward and therefore there's nothing retroactive in the rule. If it was passed before, would it control and result in a different outcome? I don't think so, Your Honor, because I think that you can't take a rule and create jurisdiction. The government's position regarding Rule 13B was implemented as a mechanism to take cases where discretion, as provided by AVERA, is exercised by the special master, where interim fees are awarded, where the parties want to go forward and have a judgment on that. There needs to be some mechanism within the clerk's office and with the court's office in terms of actually setting forth the judgment so these interim fees can be paid in the interim for AVERA. Just to be sure I understand your position, let me ask you a hypothetical question. Take the case of Eastside. The master has held a year-long evidentiary hearing. It's over. All the briefing is finished. The master's about to decide the matter. The master also has a request for $100,000 in fees. Not interim fees, final fees, because it's proceeding all over. And the next day, the master's going to decide the matter. The day before, the master looks at the request for $100,000 in fees. The master says, I'm going to allow $50,000 in fees. I'm going to deny the other thing. Is that decision appealable or not? Your Honor, I would think that my interpretation of your fact scenario is that it's still an interim fee decision, even though you've termed it final, because the case hasn't been decided, the judgment hasn't been accepted, or the judgment hasn't been to the point in time where all the issues in the case were decided. All the attorney's work is done, and the full attorney's bill is $100,000. And the master, the day before deciding the merits on whether the vaccine caused a compensable injury, agrees to give half of the total attorney's bill and not the other half. And then the question is, in that circumstance, is that fee ruling, which is final as to fees, but not final as to causation, appealable to the claims court or not under your view of the law? I think that pretty much sums up the argument that was set forth in Doe 11, where Judge Williams basically- What's your answer? The answer is no, Your Honor, I don't think that that's- It's not appealable. It's not appealable. Not appealable until the next day, in my hypothetical, when the merits of vaccine injury are decided, and it is appealable. Yes, Your Honor. Why is it appealable then? Oh, I'm sorry, in terms of- It's not appealable at that point. It's not appealable then. So the order in which, the temporal order in which the decisions are made controls the appealability altogether. That is to say, if the damages award for a decision comes down after the fee decision, the fee decision will never be appealable. In the end of the case, it is appealable, Your Honor, when the case is- It merges into the merits decision. In the end, it's appealable also. Well, I'm not so sure. I'm not so sure from the position the government seems to be taking- Is it possible to have two different decisions, one on fees and one on the merits? Two different decisions. I mean, the special master could issue them decision number one on the merits, decision number two on the fees. And in fact, that's not the way it often seems to happen, or sometimes happens that way. So is it possible to have two decisions? Yes. Right. Well, the language says, a special- Of 12, he says, a special master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided. Well, given that it says a decision and not all decisions, why don't, when we have the fee decision, divorced from the merits decision, which hasn't come yet, why isn't that a decision on such petition with respect to compensation? Because it's not a final decision, Your Honor, as stated by the special master here. It's an interim decision. So your argument 100% hinges on us putting the word final in this, or interpreting this statute as limited to final. And we believe that the cases- You think? The cases- The court of oral claims case. Yes, Your Honor. Not our case. Well, it's- No, no. No, and I understand that, Your Honor. And the widow's case also talks about, which I know is a statute of limitations issue, but it talks about the fact of final act regarding a decision. Sometimes called a dictum, where the opinion talks about something that isn't actually being decided. Dicta has no precedential effect, not binding on the subject and act. Well, it's the information we have from your court in terms of trying to interpret the section 12D and so forth. Just to be sure for the record that we understand all of this, take Chief Judge Michel's hypothetical. The fee award is made prior. Well, in fact, change it a little bit. The fee award is made at the end of all of the hearings, but it's a year later that the special master finally works her way through this very complicated case and hands down a ruling on the damages. At that point, the damages ruling is appealed to the Court of Federal Claims. What's the status of the fee award that was made a year earlier at the end of all of the trial work that was done? Is that now appealable? Is that never appealable? How does that work? It's not never appealable. Under the government's view, will that merge somehow into the damages award? Well, I don't know how to address that because it's getting beyond where we're at here today, but our interpretation is that in this case, it's an interim decision. In this case, the special master indicated it was an interim decision. In this case, based upon the CFC cases that are interpreted 12D and 12B, it's not something that's subject to review and jurisdiction. Why don't they answer the question? Well, the question obviously is, would the fee appeal be untimely? Because instead of being filed within 30 days of the fee rule, it's filed a year later. It would what? It would not be untimely. You can take the Fifth Amendment if you want to, or you can say, gee, I don't have the faintest idea what the answer to that's going to be, if you don't have the faintest idea. But you see the problem that the government is proposing we deal with unless we overturn AVERA. You don't like AVERA anyway, do you? You, the government. Government doesn't like AVERA at all. Again, it's not the issue in this case. It may be a case for another day, Your Honor. Okay. Did AVERA deal with fees after the bastard was totally done all of the master's work? It was fees on appeal, Your Honor, if I'm not mistaken. But in this case, we're not talking about fees while the matter was before Judge Williams. We're talking about fees while the matter was before the special master. That's correct, Your Honor. So wouldn't that suggest that AVERA has no application to this issue? Now, wait a minute. I'm getting confused. I thought AVERA dealt with an award by the special master that had been appealed. Oh, no, Your Honor. I think that— No, not appealed. The fees, I thought the decision in AVERA was on appeal. Correct, Your Honor. And that the fees were not fees related to compensation, attorney's compensation for the appeal, but were related to compensation for the earlier work that had been done. No, I think it was for fees on appeal. It did go before the special master and the CFC, and they both said that the act didn't allow for interim fees. For interim fees. So it was fee— they were seeking interim fees for earlier work. I think it was the interim fees for the appeal, Your Honor. See, I think the problem is— How could they seek interim fees for an appeal before the special master in the court of federal claims? They were seeking for the appellate process before the CFC, and then the fees before the— The problem is, in our case, the fees really are interim. They were in the middle of the trial proceeding in front of the master. In the Avera case, they weren't interim in that same sense, because the master has finished all of the work in the case. It's totally done with the case. So the Avera panel is using the phrase interim fees in a very different way than arises in the case before us. Well, I can only speak to what Avera says in terms of using the term interim fees. I know that it was in the context of an appeal, and the appeal fees. Whether or not Avera applies to this, I don't have that issue briefed or before us, because it's a situation where we're just dealing with the jurisdiction. All right. Thank you, Mr. Conway. You have a few minutes for rebuttal. A15E1. First, I'd like to say that Avera did address timing. Avera said nothing about an entitlement decision being a requirement to getting interim fees. It said special masters ought to be able to decide early in a case whether there's a reasonable basis and a good faith filing. You ought to be able to make that decision early. And so therefore, once you make that decision, a decision, by the way, which is very important to petitioners, attorneys, whether we have a reasonable basis to continue this case, it's important to us that they make this decision early. But once a special master makes that decision, then the test is undue hardship. When is there undue hardship? Judge Moore, you were on the Satushni case. You saw a case that lasted 14 years, and there were like seven or eight different hearings in the case. You know, this is the reality of today's vaccine program. There's undue hardships. And there can be more than one undue hardship. And it varies from case to case. You determine a reasonable basis. You determine good faith filing. And then you say, when is there an undue hardship? Under the government's view, if you have a sympathetic master, you might get chunks of money at 10 different intervals during the course of the proceedings in front of the master. But under the government's view, if you have an unsympathetic master who doesn't grant a single dollar ever at any stage of the proceedings in front of the master, you're just out of luck because it can't be appealed until the case is all over. That's correct, Your Honor. That's correct. Your Honor, Congress intended that the petitioners, just like the government, have competent counsel. It intended that the vaccine program, not petitioners, have to bear the costs. Interim fees, which the petitioners love Judge Plager, gives them an opportunity to balance the playing field a little bit. It gives them an opportunity for the fundamental fairness that the rules require, fundamental fairness in these cases. This court has spoken. They were entitled to interim fees if there's a reasonable basis and good faith filing whenever there is undue hardship. Undue hardship is on a case-by-case basis. It may happen once or twice. Your Honor, as a matter of practice in the vaccine program today, interim fee issues are resolved all the time. They're resolved by the government. They're resolved by petitioners. They're resolved prior to hearings, in many instances, or prior to decisions. You know, there's no- Obviously, if the parties can resolve something by agreement, the adjudicators don't need to act at all. If they don't agree, the adjudicators do need to act. And, Your Honor- It doesn't help us to say, well, sometimes the government agrees to an interim fee. The issue is when they don't agree and when the fee is denied, is it immediately appealable or only later? Your Honor, it must be immediately appealable or undue hardship will persist. It will continue.  It's not in accordance with law, as in this case, where we believe the special master failed to address the merits of the case and just deferred it. You know, if you can't appeal that to the claims court, then there's no remedy for this petitioner. There's no remedy. They're left without a remedy. So, therefore, it must be, which is what the Court of Federal Claims recognized when they amended Rule 13b to say, of course, these are reviewable decisions. So, Your Honor, I think that a very good decision by this court has laid the groundwork. Reasonable basis can be determined early in the case. And once there's an undue hardship and the special master decides, well, there's undue hardship, she did in our case, in this case- By the way, there is a decision in this case, which was against us. It was appealed to the Court of Federal Claims. And Judge Brucknick has now remanded to the special master for more proceedings. So you see how these cases can go on and on. Undue hardship is a real problem. The Avera case, we're all going to have to come to a conclusion, a resolution. As I read Avera, it dealt with interim fees for the trial that went on before the special master. It had nothing to do with appellate fees. It was for proceedings. It was the proceedings before the special master that they asked for fees for. Now, it arose, or the argument arose while the case was later on appeal as to whether it was the interim fees were appealable to the Court of Federal Claims. It's not exactly clear to me what exactly was meant in all of that. But it's pretty clear to me that the fees at issue, the interim fees at issue, were fees for work done before the special master. Is that your understanding of it? It is my understanding, Your Honor. And more than that, in that case, this Court held that there was no undue hardship. That the hardship was minimal. All right. Thank you. Thank you. All rise.